**JOHN GIL CONSTRUCTION, INC., Plaintiff–Appellant,**

v.

**Milo RIVERSO, The New York City School Construction Authority, New York City Off Track Betting Corporation, The Department of Investigation for the City of New York and John Does, Defendants–Appellees.**

Docket No. 00–7603.

United States Court of Appeals, Second Circuit.

April 12, 2001.

J. Garth Foley, N.Y., NY, for appellant.

Susan Choi–Hausman, Ass't Corp. Counsel, N.Y., NY, for appellees.

Present KEARSE, LEVAL, and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District

Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff John Gil Construction, Inc. ("Gil"), appeals from a final judgment of the United States District Court for the Southern District of New York, Shira A. Scheindlin, *Judge,* dismissing his thrice-amended complaint, which alleged principally that defendants New York City School Construction Authority ("SCA"), New York City Off Track Betting Corporation ("OTB"), and the Department of Investigations for the City of New York ("DOI"), *et al.,* violated Gil's due process rights in connection with SCA's suspension of Gil's prequalified-SCA-bidder status and right to work on SCA projects pending a favorable disposition of a criminal investigation of Gil by DOI and OTB, and SCA's refusal during that time to award Gil two contracts on which it was the lowest bidder. On appeal, Gil contends principally that the district court erred in ruling that the complaint failed to state a due process claim because Gil had no cognizable property interest in its prequalified-SCA-bidder status. We disagree, and we affirm the judgment substantially for the reasons stated in Judge Scheindlin's Opinion and Order dated April 6, 2000.

The New York Public Authority Law § 1734(3), which governs school construction authorities, provides SCA with considerable discretion to determine whether a prospective bidder qualifies for inclusion on a list of prequalified bidders, including the authority to consider the factors listed in the statute and "such other factors as it deems appropriate." N.Y. Pub. Auth. § 1734(3)(b). SCA guidelines for the evaluation of contractors provide, *inter alia,* that an applicant "may be precluded from working for the authority until there is a favorable resolution of any ... pending criminal investigation ... by a governmental entity alleging illegal business practices." 21 N.Y.C.R.R. § 9600.3(d)(2). The district court correctly concluded that Gil—which concedes that in fact a criminal investigation was pending against it, and indeed that it now stands convicted on 12 counts of fraud with respect to its contracts with OTB—did not allege facts from which it could be found that it had an entitlement to prequalified-bidder status or to the award of SCA contracts. *See, e.g., S&D Maintenance Co. v. Goldin,* 844 F.2d 962, 9866 (2d Cir.1988). Nor did Gil show any violation of a liberty interest sufficient to support a due process claim. *See id.* at 971.

We have considered all of Gil's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.